MOORE v. PATE

[112 N.C. App. 833 (1993)]

_____

CLARENCE EARL MOORE, PLAINTIFF v. RONALD KINNON PATE, DEFENDANT

No. 9210SC1059

(Filed 7 December 1993)

**Rules of Civil Procedure § 41.1 (NCI3d) — voluntary dismissal — after plaintiff rested — subsequent action dismissed**

The trial court correctly dismissed an action which had been filed within one year of a previous dismissal where plaintiff announced that he was giving notice of dismissal pursuant to Rule 41 without prejudice after the jury had deliberated for approximately two and a half hours; the court explained to the jury that plaintiff was taking a voluntary dismissal because the party bringing the lawsuit was entitled to do that and would have one year to decide whether to refile the suit; defendant never objected to the dismissal and no

order was ever entered closing the file; the case was reviewed ten months later on a clean-up calendar and the judge ordered that the case be dismissed without prejudice; copies of the order were delivered to the parties, who were told that they had ten days to show cause why plaintiff's action should not be dismissed without prejudice; defendant did not object; plaintiff filed the current action within a year of the previous dismissal; and defendant moved to dismiss. The uncontroverted record reveals that plaintiff took his dismissal after he had rested his case and there is no evidence suggesting that a stipulation was entered into between plaintiff and defendant, so that plaintiff was unable to obtain a voluntary dismissal under N.C.G.S. § 1A-1, Rule 41(a)(1). Although plaintiff could have obtained a dismissal under Rule 41(a)(2), which requires an order of the trial court, there is no evidence that plaintiff took this avenue, and the North Carolina appellate courts have not embraced the federal option of allowing the court to treat a late notice of dismissal as a motion under Rule 41(a)(2). Even assuming this course would have been proper, no such order was entered by the court; the trial court's explanation to the jury was not an order. Moreover, no action by the court is necessary to give a voluntary dismissal effect, so that the judge who came upon the matter on the clean-up calendar had no authority to enter further orders.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9-40.**

Appeal by plaintiff from order entered 11 June 1992 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 30 September 1993.

*Mary K. Nicholson for plaintiff.*

*DeBank, McDaniel & Anderson, by Douglas F. DeBank, for defendant.*

LEWIS, Judge.

The sole issue presented by this appeal is whether the trial court erred in granting defendant's motion to dismiss. We find no error and affirm the trial court. The record reveals that Clarence Earl Moore ("plaintiff") sued Ronald Kinnon Pate ("defendant") in case number 89-CVS-2249 for negligence arising from an automobile collision. There is no dispute that the underlying cause of action

**MOORE v. PATE**

[112 N.C. App. 833 (1993)]

in 89-CVS-2249 and the present action is the same. The conflict arises as to whether or not plaintiff's present action is barred as a matter of law.

During the trial of 89-CVS-2249, plaintiff took a voluntary dismissal after both parties had rested and after the case had been submitted to the jury. After the jury had deliberated for approximately two and a half hours, plaintiff announced to the court that he was giving "notice of dismissal pursuant to Rule 41 without prejudice." In response the trial court stated: "All right. That ends the lawsuit." The trial court then summoned the jury and explained that plaintiff was taking a voluntary dismissal because "[u]nder civil rules and regulations, the party who brings a lawsuit is entitled to do just that if they wish to at any time and have within one year of that date to decide whether or not to refile the lawsuit." Defendant never objected to plaintiff's voluntary dismissal and no order was ever entered in the case closing the file.

After ten months with no activity, the case was scheduled for a clean up calendar. Judge Farmer reviewed the case file and ordered that the case be dismissed without prejudice. Copies of Judge Farmer's order were delivered to both parties who were informed that they had ten days in which to show cause why plaintiff's action should not be dismissed without prejudice. Again defendant did not object.

Finally on 4 March 1992, within a year of the previous dismissal, plaintiff filed the current action. Defendant moved to dismiss and a hearing was held before Judge Stephens on 11 June 1992. Judge Stephens dismissed plaintiff's complaint, ruling that 89-CVS-2249 had been dismissed with prejudice and that Judge Farmer had no authority to issue an order after the dismissal. Plaintiff appeals to this Court.

The rules regarding dismissals are contained in N.C.G.S. § 1A-1, Rule 41(a) and provide in pertinent part:

(1) By plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all the parties who have appeared in the

action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, . . . .

(2) By Order of Judge.—Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.

With the change in the Rules of Civil Procedure, a plaintiff no longer has an absolute right to take a dismissal without prejudice after he rests his case. *See Cutts v. Casey*, 278 N.C. 390, 180 S.E.2d 297 (1971). The uncontroverted record reveals that plaintiff took his dismissal after he had rested his case, thus losing the ability to take a dismissal under Rule 41(a)(1)(i). There is no evidence suggesting that a stipulation was entered into between plaintiff and defendant allowing plaintiff to take an involuntary dismissal under Rule 41(a)(1)(ii). Thus, since plaintiff was unable to obtain a voluntary dismissal under Rule 41(a)(1), the only other means by which plaintiff could have taken his dismissal was under Rule 41(a)(2) which requires an order of the trial court and a finding that justice so requires. *See* 2 G. Gray Wilson, *North Carolina Civil Procedure*, § 41-3 (1989) (hereafter "Wilson"). Again there is no evidence that plaintiff took this avenue. Thus, plaintiff is left in the unenviable position of arguing that he should be allowed to take an involuntary dismissal without prejudice, when he has failed to follow any of the statutory options.

It is clear from our review of the record that plaintiff was seeking a dismissal under Rule 41(a)(1)(i). Under Rule 41(a)(1)(i) a dismissal is effective upon being filed and our courts have held that oral notice is sufficient to meet the "filing" requirement. *Johnson v. Hutchens*, 103 N.C. App. 384, 405 S.E.2d 597 (1991). Once a dismissal is requested under (a)(1) no court action is required. *Ward v. Taylor*, 68 N.C. App. 74, 314 S.E.2d 814, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 157 (1984). However, given the late stage in the trial at which plaintiff sought his dismissal, a dismissal under Rule 41(a)(1)(i) was not available to him, regardless of the trial court's erroneous statements to the contrary.

Plaintiff attempted to save himself at oral argument by arguing that the dismissal was actually sought under Rule 41(a)(2), because there is no time limit on plaintiff's right to move for a dismissal

under (a)(2). 2 Wilson, § 41-3. As one commentator has suggested, if notice is given too late the court may treat the notice as a motion under Rule 41(a)(2). *Id.* Although there is federal authority to support this position, *see Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250 (5th Cir. 1973), our research reveals that our appellate courts have not embraced this option. In fact, the Fourth Circuit has held that it was not error for a trial court to refuse to consider a belated (a)(1) dismissal as an (a)(2) dismissal. *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir. 1971). Therefore, even though it may have been proper for the trial court to have treated plaintiff's notice of dismissal as a motion under Rule 41(a)(2), we cannot say that it was error for the trial court not to have done so. According to Rule 41(a)(2), plaintiff is not allowed to take a dismissal unless such is ordered by the judge. Having reviewed the record, we find that no such order was entered by the trial court, and we disagree with plaintiff's assertion that the trial court's explanation of plaintiff's actions to the jury was an order of the court.

Plaintiff has also asserted that he is saved by Judge Farmer's entry of an order when the case appeared on the clean up calendar. Seeing that no order had been entered closing the file, Judge Farmer ordered that the case be dismissed without prejudice. Although it is certainly the better practice to require the filing of a notice of dismissal or some other action to close the file, no official action is necessary. 2 Wilson, § 41-2. Once a party takes a voluntary dismissal no action by the court is necessary to give the dismissal effect. *Carter v. Clowers*, 102 N.C. App. 247, 401 S.E.2d 662 (1991). In fact, once a party takes a voluntary dismissal no valid order can be entered thereafter except as to collateral matters. *See Collins v. Collins*, 18 N.C. App. 45, 196 S.E.2d 282 (1973). Therefore, when Judge Farmer came upon this matter on the clean up calendar he had no authority to enter any further orders. The matter had already been dismissed by plaintiff and that dismissal was effective upon its announcement. We are not persuaded by plaintiff's argument that since the rules do not specifically mandate that his dismissal was with prejudice, then the general rule applies and his dismissal was without prejudice. If we were to accept plaintiff's argument then we would return to the chaos the drafters sought to prevent when Rule 41 was amended. *See* N.C.G.S. § 1A-1, Rule 41 comment. Rules are made to be followed and plaintiff will not be allowed to prevail when he failed to take his dismissal at the

proper time and in the proper manner. The judgment of the trial court is hereby

Affirmed.

Judges WELLS and MARTIN concur.