SHIRLEY P. TROY v. LAVONDA L. TUCKER AND THE CITY OF FAYETTEVILLE

No. COA96-663

(Filed 6 May 1997)

**1. Appeal and Error § 87 (NCI4th)— voluntary dismissal— denial of motion for relief—unappealable order**

The denial of a Rule 60(b) motion for relief from a voluntary dismissal at the conclusion of a summary judgment hearing was an unappealable interlocutory order. However, the Court of Appeals elected to review the appeal as a writ of certiorari and

under its supervisory jurisdiction over the trial courts. N.C. Const. art. IV, § 12; N.C.G.S. § 7A-32(c).

**Am Jur 2d, Appellate Review §§ 84, 85, 117, 118.**

**2. Trial § 213 (NCI4th)— summary judgment hearing—conclusion of evidence—voluntary dismissal improperly allowed**

The trial court erred by allowing plaintiff to file a voluntary dismissal without prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1) after plaintiff had rested her case at a summary judgment hearing. Once plaintiff had rested her case, the only way she could have received a voluntary dismissal, with or without prejudice, was for the trial court to make that decision pursuant to N.C.G.S. § 1A-1, Rule 41(a)(2).

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9, 11, 19, 21, 22.**

**Time when voluntary nonsuit or dismissal may be taken as of right under statute so authorizing at any time before "trial," "commencement of trial," "trial of the facts," or the like. 1 ALR3d 711.**

**Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.**

**Plaintiff's right to file notice of dismissal under Rule 41(a)(1)(i) of Federal Rules of Civil Procedure. 54 ALR Fed. 214.**

Appeal by defendants from order entered 16 April 1996 by Judge Coy E. Brewer in Cumberland County Superior Court. Heard in the Court of Appeals 14 April 1997.

Plaintiff filed a complaint on 22 June 1995 against defendants, seeking damages arising from a motor vehicle accident occurring on 25 June 1992. Defendants answered pleading the defense of governmental immunity and making a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Thereafter, defendants filed a motion for summary judgment. Plaintiff failed to amend her complaint and add allegations of waiver of immunity.

**TROY v. TUCKER**

[126 N.C. App. 213 (1997)]

On 19 February 1996 the trial court heard the motions. Upon conclusion of the summary judgment argument and prior to the court making a decision on the summary judgment motion, plaintiff filed a voluntary dismissal without prejudice on 22 February 1996. On 29 February 1996 defendants filed a motion for relief from proceeding pursuant to North Carolina Rules of Civil Procedure, Rule 60(b). On 16 April 1996 the trial court entered an order denying defendants' Rule 60(b) motion. From this order defendants appeal.

*J.B. Rouse III and Associates, by Elizabeth Kennedy-Gurnee, for plaintiff appellee.*

*Robert C. Cogswell, Jr., for defendant appellant.*

SMITH, Judge.

[1] The issue before this Court is whether the denial of a Rule 60(b) motion for relief from a voluntary dismissal is appealable.

Generally, there is no right to an appeal from an interlocutory order. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). An order is interlocutory if it is made during the pendency of an action and it does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all the parties involved in the controversy. *Id.* A party may, however, appeal an interlocutory order even where the trial court fails to provide certification so long as the order affects a substantial right. N.C. Gen. Stat. § 7A-27(d)(1).

Here the denial of the Rule 60(b) motion is in the nature of an interlocutory order because plaintiff's voluntary dismissal resulted in there being no action pending. Thus, defendants are not parties aggrieved by the denial of the 60(b) motion. Defendants would be aggrieved only when plaintiff files a new action. *See* N.C. Gen. Stat. § 1-271. In addition, defendants will not suffer the loss of a substantial right absent an appeal. *See* N.C. Gen. Stat. § 1-277. Furthermore, relief from a voluntary dismissal is not available pursuant to Rule 60(b), because no relief is sought from an order, judgment, or proceeding as contemplated by the Rule. Nevertheless, in our discretion and pursuant to N.C.R. App. P. 2 and 21 we treat this appeal as a writ of certiorari so that we may again address the propriety of voluntary dismissals at or following a motion hearing. We also review this appeal under our supervisory jurisdiction over the trial courts as authorized by Article IV, § 12 of the North Carolina Constitution and provided by N.C. Gen. Stat. § 7A-32(c) (1989).

**[2]** With regard to dismissals, the North Carolina Rules of Civil Procedure provide:

> (1) By plaintiff; by Stipulation.-Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of the dismissal signed by all the parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, . . . .

N.C.R. Civ. P. 41(a)(1). Here plaintiff's filing of her voluntary dismissal was unauthorized under N.C.R. Civ. P. 41(a)(1) because she had rested her case at the summary judgment hearing. As this Court stated in *Moore v. Pate*, 112 N.C. App. 833, 836, 437 S.E.2d 1 (1993), *disc. review denied*, 336 N.C. 73, 445 S.E.2d 35 (1994), "[w]ith the change in the Rules of Civil Procedure, a plaintiff no longer has an absolute right to take a dismissal without prejudice after he rests his case." 112 N.C. App. at 836, 437 S.E.2d at 2 (citing *Cutts v. Casey*, 278 N.C. 390, 180 S.E.2d 297, *appeal after remand*, 278 N.C. 390, 180 S.E.2d 297 (1971)); *see Whitehurst v. Virginia Dare Transp. Co.*, 19 N.C. App. 352, 198 S.E.2d 741 (1973). Absent a voluntary dismissal under Rule 41(a)(1)(i), the only other means by which plaintiff could take a dismissal is under Rule 41(a)(2) "which requires an order of the trial court and a finding that justice so requires." *Moore*, 112 N.C. App. at 836 (citing 2 G. Gray Wilson, *North Carolina Civil Procedure*, § 41-3 (1989)). Under Rule 41(a)(2) it is for the trial court to decide whether the voluntary dismissal is with or without prejudice or whether a new action could be filed. Although the voluntary dismissal without prejudice was unauthorized under Rule 41(a)(2), it may be that the question concerning the propriety of plaintiff's taking an unauthorized dismissal without prejudice is moot. The statute of limitations appears to have run on plaintiff's action and more than one year has elapsed since plaintiff filed the voluntary dismissal. Unless plaintiff filed a new action before 22 February 1997, any further action would be time barred. However, there is nothing in the record before us which would allow us to determine whether a new action was filed.

We note that the trial court should have either determined pursuant to N.C.R. Civ. P. 41(a)(2) whether the voluntary dismissal was with or without prejudice, or whether a new action could be filed and

SELECTIVE INS. CO. v. MID-CAROLINA INSULATION CO.

[126 N.C. App. 217 (1997)]

the time therefor, or in the alternative should have stricken the voluntary dismissal and proceeded to rule on the summary judgment motion. The order denying the Rule 60 motion is vacated because relief from a voluntary dismissal is not available pursuant to N.C.R. Civ. P. 60(b) as herein stated. The matter is remanded to the trial court for entry of an order specifying whether the dismissal was with or without prejudice and the time within which a new action could be filed, or for a ruling on the motion for summary judgment, unless the matter has become moot as discussed herein.

Vacated and remanded.

Chief Judge ARNOLD and Judge TIMMONS-GOODSON concur.