PAULINE H. PARDUE AND LYTLE C. PARDUE v. SANDRA STALEY DARNELL

No. COA00-1273

(Filed 28 December 2001)

### Civil Procedure— voluntary dismissal after resting case— order of trial court required

The trial court did not err in an action arising out of an automobile accident by entering summary judgment in favor of defendant under N.C.G.S. § 1A-1, Rule 56(c) and by dismissing plaintiffs' civil negligence claim based on the original action being dismissed with prejudice, because: (1) plaintiffs did not specify whether they were moving for dismissal under N.C.G.S. § 1A-1, Rule 41(a)(1) or Rule 41(a)(2), and plaintiffs could only obtain a voluntary dismissal with leave to refile under Rule 41(a)(2) since they had already rested their case; and (2) even assuming arguendo that plaintiffs sought a voluntary dismissal under Rule 41(a)(2), the record failed to establish that the trial court ever granted such a motion.

Appeal by plaintiffs from order entered 25 September 2000 by Judge Judson D. DeRamus, Jr., in Wilkes County Superior Court. Heard in the Court of Appeals 13 September 2001.

**PARDUE v. DARNELL**

[148 N.C. App. 152 (2001)]

*Franklin Smith for plaintiff-appellants.*

*Willardson & Lipscomb, LLP, by Sigsbee Miller for defendant-appellee.*

BIGGS, Judge.

Plaintiffs appeal from an order of summary judgment entered 25 September 2000, dismissing their civil negligence action against defendant. For the reasons that follow, we affirm.

Plaintiff, Pauline Pardue (Mrs. Pardue), and Sandra Darnell (defendant) were involved in a motor vehicle collision on 25 June 1996. Mrs. Pardue and her husband Lytle (plaintiffs) filed a civil negligence action on 5 March 1999, claiming that defendant's negligence had caused the accident, and seeking damages for Mrs. Pardue's injuries. The case came on for trial during the 15 May 2000 session of Superior Court. On 17 May 2000, at the close of plaintiffs' presentation of witnesses, plaintiffs offered into evidence a deposition and videotape, stating: "And with that we'll rest." The trial court then dismissed the jury, and entertained several defense motions. While counsel were presenting their arguments on one of defendant's motions, the trial court called them to the bench. Immediately following an unrecorded bench conference, plaintiffs' counsel announced that they would "move at this time to take a voluntary dismissal. We will refile it again." Shortly thereafter, the proceedings were ended. On 17 May 2000, plaintiffs signed a written "Notice of Voluntary Dismissal Without Prejudice" and, on 24 May 2000, plaintiffs filed a new action against defendant, again seeking damages and costs arising from the 25 June 1996 collision. In response, defendant filed a motion for summary judgment. Defendant argued that the dismissal that plaintiffs had taken during the earlier trial was a dismissal with prejudice, barring plaintiffs from refiling their case. On 25 September 2000, Judge Judson D. DeRamus, Jr., granted defendant's motion for summary judgment, and dismissed plaintiffs' suit against defendant. Plaintiffs appeal from this order.

Plaintiffs, in their sole assignment of error, contend that the trial court committed reversible error in granting defendant's motion for summary judgment.

N.C.R. Civ. P. 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Therefore, on appeal:

> [i]t is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, '(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.' (citations omitted).

*Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

In the instant case, defendant's summary judgment motion was based on her argument that plaintiffs' original action had been dismissed with prejudice, precluding plaintiffs, as a matter of law, from refiling their case. We first examine whether there are genuine issues of material fact related to the dismissal of the original action. The record incorporates the pages of the transcript of the original trial that set forth how the motion to dismiss was presented by plaintiffs, as well as the trial court's response. Neither party has challenged the accuracy of the transcript; in fact, by its incorporation in the record on appeal to which the parties have agreed, we conclude that there is no dispute that it is the official record of the proceeding. Nor have the parties disputed the validity or accuracy of other relevant documents in the record, most importantly the Notice of Dismissal filed by the plaintiff in the original action. While the parties may disagree on whether these facts constitute a dismissal with leave to refile or a dismissal with prejudice, the facts themselves are not in dispute. Consequently, we conclude that "there is no genuine issue as to any material fact" surrounding the dismissal of the original action.

We turn next to our determination of whether defendant "is entitled to a judgment as a matter of law." The dismissal of civil actions is governed by N.C.G.S. § 1A-1, Rule 41, which provides in part as follows:

Rule 41. Dismissal of actions:

(a) Voluntary dismissal; effect thereof.

PARDUE v. DARNELL

[148 N.C. App. 152 (2001)]

(1)  By Plaintiff[.] . . . [A]n action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case[.] . . .

(2)  By Order of Judge.—Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge[.] . . .

Thus, under Rule 41(a)(1), "a plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief." *Roberts v. Young*, 120 N.C. App. 720, 726, 464 S.E.2d 78, 83 (1995). However, after resting his case, a plaintiff forfeits the absolute right to take a dismissal, *Cutts v. Casey*, 278 N.C. 390, 180 S.E.2d 297 (1971), and, in order to obtain a voluntary dismissal, the plaintiff must apply to the court under Rule 41(a)(2).

The operation of Rule 41 is "intended to prevent delays and harassment by plaintiff securing numerous dismissals without prejudice." *City of Raleigh v. College Campus Apartments, Inc.*, 94 N.C. App. 280, 282, 380 S.E.2d 163, 165 (1989), *aff'd*, 326 N.C. 360, 388 S.E.2d 768 (1990). The rule allows a plaintiff to dismiss and then refile his case only once, and only before resting his case. The crucial difference between Rule 41(a)(1) and Rule 41(a)(2) lies in the trial court's supervision and regulation of dismissals entered pursuant to Rule 41(a)(2). *Troy v. Tucker*, 126 N.C. App. 213, 216, 484 S.E.2d 98, 100 (1997) (after plaintiff rests, "it is for the trial court to decide" whether voluntary dismissal with leave to refile is permissible); *Moore v. Pate*, 112 N.C. App. 833, 836, 437 S.E.2d 1, 2 (1993), *disc. review denied*, 336 N.C. 73, 445 S.E.2d 35 (1994) (entry of a proper voluntary dismissal pursuant to Rule 41(a)(2) "requires an order of the trial court and a finding that justice so requires").

In the instant case, the record demonstrates that after concluding their presentation of witnesses, plaintiffs stated: "And with that we'll rest." We conclude that plaintiffs rested their case at that point. The jury was then dismissed, and the parties argued several motions before the trial court. While counsel were arguing an evidentiary motion, the court instructed counsel to approach the bench, and a discussion took place off the record. At the end of this unrecorded bench conference, the following occurred:

[PLAINTIFF'S COUNSEL]: Your Honor, pursuant to Rule 41 of the North Carolina Rules of Civil Procedure we would move at this time to take a voluntary dismissal. We will refile it again.

**PARDUE v. DARNELL**

[148 N.C. App. 152 (2001)]

THE COURT: You're doing it with leave?

[PLAINTIFF'S COUNSEL]: With leave to refile it.

THE COURT: All right. Nice to have met you. Nice to see you folks. Good luck to you. Nice to have met you Mr. Smith.

At that point the proceedings ended. Plaintiffs did not specify whether they were moving for dismissal under Rule 41(a)(1) or Rule 41(a)(2). However, because plaintiffs had already rested, they could only obtain a voluntary dismissal with leave to refile under Rule 41(a)(2).

The parties have analyzed in great detail the language in the exchange between plaintiffs and the trial court, in support of their arguments regarding whether the trial court effectively "granted" plaintiffs' "motion," notwithstanding the absence of a written order. Plaintiffs note their use of the word "move" for a dismissal, and point to the trial court's apparent agreement with the plaintiffs' plan to refile. Defendants argue that plaintiffs were clearly announcing their intention to take a unilateral action, and note the trial court's question—"You're doing it with leave?"—as evidence of this. However, we do not find it necessary to examine the nuances of the quoted exchange, for it is undisputed that (1) the trial court did not enter, expressly or in writing, an order granting a voluntary dismissal with leave to refile; (2) plaintiffs never explicitly applied to the trial court for such an order; and (3) plaintiffs themselves entered a "Notice of Voluntary Dismissal Without Prejudice" shortly after the first trial. We find that, even assuming *arguendo* that plaintiffs sought a voluntary dismissal under Rule 41(a)(2), this record fails to establish that the trial court ever granted such motion. Rather, the record shows that plaintiffs took a voluntary dismissal after resting.

The facts of the case *sub judice* are similar to those in *Moore v. Pate*, 112 N.C. App. 833, 437 S.E.2d 1 (1993), *disc. review denied*, 336 N.C. 73, 445 S.E.2d 35 (1994). In *Moore*, also an auto negligence suit, plaintiff took a "voluntary dismissal" after resting his case. The trial court dismissed the jury, and explained that "[u]nder civil rules and regulations, the party who brings a lawsuit is entitled to do just that if they wish to at any time and have within one year of that date to decide whether or not to refile the lawsuit." As in the case *sub judice*, the defendant did not object during the proceedings in court, but moved to dismiss when plaintiff attempted to refile the suit. This Court held that:

**PARDUE v. DARNELL**

[148 N.C. App. 152 (2001)]

The uncontroverted record reveals that plaintiff took his dismissal after he had rested his case, thus losing the ability to take a dismissal under Rule 41(a)(1)(i). . . . [S]ince plaintiff was unable to obtain a voluntary dismissal under Rule 41(a)(1), the only other means by which plaintiff could have taken his dismissal was under Rule 41(a)(2) which requires an order of the trial court and a finding that justice so requires. . . . Again there is no evidence that plaintiff took this avenue. Thus, plaintiff is left in the unenviable position of arguing that he should be allowed to take [a voluntary] dismissal without prejudice, when he has failed to follow any of the statutory options. It is clear from our review of the record that plaintiff was seeking a dismissal under Rule 41(a)(1)(i). . . . However, given the late stage in the trial at which plaintiff sought his dismissal, a dismissal under Rule 41(a)(1)(i) was not available to him, regardless of the trial court's erroneous statements to the contrary.

*Moore*, 112 N.C. App. at 836, 437 S.E.2d at 2. We find the reasoning in *Moore* instructive in the present case. Plaintiffs in the case *sub judice* lacked the authority to file a voluntary dismissal under Rule 41(a)(1) after resting. Additionally, plaintiffs failed to apply to the trial court for a voluntary dismissal under Rule 41(a)(2). We conclude that the dismissal taken by plaintiffs was a voluntary dismissal with prejudice, barring them from refiling suit against defendant. We further conclude, therefore, that defendant was "entitled to a judgment as a matter of law." Accordingly, we affirm the trial court's grant of summary judgment to defendant.

Affirmed.

Judges MARTIN and McCULLOUGH concur.