McGEE, Judge.
Bradley A. Elliott, Diane T. Elliott, Arthur E. Elliott, and Margaret E. Elliott (collectively plaintiffs) filed a compliant against The County of Halifax (defendant) on 5 December 2001. Plaintiffs alleged that the solid waste availability fee (the fee) assessed by defendant was in violation of N.C. Gen. Stat. § 153A-292(b) and requested that defendant be enjoined from collecting and enforcing the fee. Defendant filed an answer on 5 February 2002 denying that the fee was in violation of the statute. Plaintiffsfiled a motion for summary judgment on 9 October 2002. Defendant moved for summary judgment in a motion filed 10 October 2002. In an order filed 14 March 2003, the trial court granted plaintiffs' motion for summary judgment, denied defendant's motion, declared the fee unlawful, and enjoined defendant from collecting and enforcing the fee. Defendant appeals.
Defendant's assignments of error in the present case are essentially identical to those in companion case COA03-1118. The present case differs from the companion case in only three respects: (1) this case involves different plaintiffs; (2) this case concerns review of a trial court's grant of summary judgment rather than review of a judgment rendered after a bench trial; and (3) in this case, defendant does not assert the argument addressing whether the fee was assessed to "improved property." We note that plaintiffs in this case are in the same situation as those in COA03-1118. In both cases, plaintiffs are individuals or entities owning property in Halifax County who have been assessed and are now challenging the fifty-seven dollar solid waste availability fee. For the reasons stated below and for the reasons stated in companion case COA03-1118, we affirm the trial court's grant of summary judgment in favor of plaintiffs.
We note that
[i]t is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, `(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled tojudgment as a matter of law.' (citations omitted).
Pardue v. Darnell, 148 N.C. App. 152, 154, 557 S.E.2d 172, 174 (2001) (quoting Von Viczay v. Thoms, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), aff'd, 353 N.C. 445, 545 S.E.2d 210 (2001)).
As stated in the companion case, N.C. Gen. Stat. § 153A-292(b) (2003) provides that
[t]he board of county commissioners may impose a fee for the availability of a disposal facility provided by the county. A fee for availability may not exceed the cost of providing the facility and may be imposed on all improved property in the county that benefits from the availability of the facility (emphasis added).
Here, defendant presented an affidavit of its finance director, Linda Taylor, which revealed the following information: (1) that the fee generated $1,933,133.00 in revenue for fiscal year 2001-2002 and (2) that the cost for landfill and convenient site operations for 2001-2002 was $668,458.00. This information shows that the mandate of N.C. Gen. Stat. § 153A-292(b) that fee revenue not exceed cost was violated. Defendant did not forecast any evidence to show that the fee revenue did not exceed the cost of providing the facilities. Accordingly, there was no genuine issue of material fact regarding whether defendant violated the mandate of N.C. Gen. Stat. § 153A-292(b). Thus, the trial court did not err in granting summary judgment in favor of plaintiffs.
Affirmed.
Judges TIMMONS-GOODSON and TYSON concur.
Report per Rule 30(e).