Mitchell, Brewer, Richardson, Adams, Burge & Boughman, PLLC v. Brewer, 2016 NCBC 18.

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
06 CVS 6091

MITCHELL, BREWER, RICHARDSON, )
ADAMS, BURGE & BOUGHMAN; GLENN )
B. ADAMS; HAROLD L. BOUGHMAN, JR. )
and VICKIE L. BURGE, )
                 Plaintiffs )
              )
          v. )
              )
COY E. BREWER, JR., RONNIE A. )
MITCHELL, WILLIAM O. RICHARDSON, )
and CHARLES BRITTAIN, )
                Defendants )

**OPINION AND ORDER**

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned, comes before the court upon Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion") and Defendants' Motion for Summary Judgment ("Defendants' Motion") (collectively, "Motions"), pursuant to Rule 56 of the North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, after reviewing the Motions, briefs in support of and opposition to the Motions, the arguments of counsel and parties, and other appropriate matters of record, CONCLUDES that Plaintiffs' Motion should be GRANTED and Defendants' Motion should be DENIED, for the reasons stated herein.

*Everett Gaskins Hancock LLP, by E. D. Gaskins, Jr., Esq. and James M. Hash, Esq., for Plaintiffs.*

*Defendant Coy E. Brewer*, Esq., pro se.

*Defendant Ronnie A. Mitchell, Esq.,* pro se.

Jolly, Judge.

## PROCEDURAL HISTORY

1.    Plaintiffs designated this civil action to the North Carolina Business Court on July 5, 2006. On August 2, 2006, Plaintiffs filed their Amended Complaint, on which the action now is now based. Plaintiffs asserted the following claims for relief ("Claims"): Accounting to the Company ("Claim One"); Accounting to the Plaintiffs ("Claim Two"); Demand of Liquidating Distribution ("Claim Three"); Constructive Fraud/Breach of Fiduciary Duty ("Claim Four"); and Unfair and Deceptive Trade Practices ("Claim Five"). Defendants,[1] in turn, raised the following counterclaims ("Counterclaims"): Two counterclaims seeking various declaratory judgments ("Counterclaims One and Two"); Breach of Fiduciary Duty ("Counterclaim Three"); Conversion/Misappropriation of Firm Assets ("Counterclaim Four"); Unjust Enrichment ("Counterclaim Five"); Constructive Trust, Equitable Lien and/or Resulting Trust ("Counterclaim Six"); Breach of Fiduciary Duty ("Counterclaim Seven"); Unjust Enrichment ("Counterclaim Eight"); Breach of Fiduciary Duty/*Ultra Vires* Act ("Counterclaim Nine"); and Demand for Statutory Distribution of Assets ("Counterclaim Ten").

2.    Since the filing of Plaintiffs' Amended Complaint, the court has entered numerous rulings on substantive and procedural disputes between the parties, including the court's May 31, 2009 Opinion and Order granting in part and denying in part the parties' respective Motions for Summary Judgment pursuant to Rule 56 ("May 31 Order"). Pursuant to Rule 54(b), in its May 31 Order the court certified for immediate

---

[1] "Defendants," as used in this Opinion, shall refer to Coy E. Brewer, Jr. and Ronnie A. Mitchell. William O. Richardson was dismissed from this action on October 8, 2014, and Charles Brittain was dismissed on June 2, 2015.

appeal the rulings therein that constituted final judgment as to one or more material issues in this matter. On February 1, 2011, the North Carolina Court of Appeals affirmed ("COA Opinion"), in part, and reversed, in part, the court's rulings reflected in its May 31 Order, and remanded the case to this court for further proceedings. Thereafter, on February 26, 2013, consistent with the mandate of the COA Opinion, the court entered its Opinion and Order Dissolving Company and Appointing Special Master pursuant to Rule 53 ("Reference Order").

3.      On September 18, 2015, the court entered its Opinion, Order and Judgment ("September 18 Order"), in which the court adopted and entered judgment upon the report submitted by Adams Martin & Associates, PA ("Referee"), a public accounting firm ("Referee's Report").[2] The September 18 Order, and the COA Opinion, resolved Plaintiffs' Claims One, Two and Three, as well as Defendants' Counterclaims One, Two and Ten. Accordingly, immediately following entry of the September 18 Order, only Plaintiffs' Claims Four and Five, and Defendants Counterclaims Three through Nine, remained in this action.

4.      The September 18 Order required any dispositive motions related to claims left unresolved following the entry of that judgment to be filed by October 12, 2015. On that date, Plaintiffs and Defendants each filed their respective motions for summary judgment. Plaintiffs' Motion seeks summary judgment in Plaintiffs' favor on all of Defendants' counterclaims, while Defendants' Motion seeks summary judgment in their favor on both of Plaintiffs' remaining claims.

<u>FACTUAL BACKGROUND</u>

---

[2] The September 18 Order entered judgment against each Defendant in the amount of $102,578.00.

5.      The factual background of this matter has been discussed at great length in this court's various orders, and in the COA Opinion. The facts material to the Motions are largely undisputed, and the court will recite only that factual background necessary to resolving the Motions.

6.      This case arises out of the dissolution of the law firm Mitchell, Brewer, Richardson, Adams, Burge & Boughman, PLLC ("the PLLC"). The remaining individual parties to this action were all members of the PLLC, and the PLLC operated without any formal operating agreement. In June 2005, the members met to discuss the performance of the PLLC. In this meeting, Plaintiff Adams expressed his intention to leave the PLLC. Shortly thereafter, Plaintiffs Boughman and Burge also left the PLLC, and, together with Plaintiff Adams, began a new law practice. Almost immediately, a dispute arose regarding the terms that would govern the close of the parties' business relationship, particularly as to the manner and amount of the valuation of each member's interest in the PLLC.

7.      On February 1, 2011, the North Carolina Court of Appeals entered the COA Opinion. In the COA Opinion, the court of appeals held that dissolution of the PLLC was proper under G.S. § 57C-6-02 and that the PLLC's breakup resulted in a judicial dissolution of the PLLC. It instructed this court to enter a decree of dissolution under that section and to direct the winding up of the PLLC. The court of appeals' ruling resolved Defendants' Counterclaims One and Two. Additionally, the court of appeals recognized that the dissolution and winding up of the PLLC would resolve Plaintiffs' Claims One, Two and Three, as well as Defendants' Counterclaim Ten.

8.      Following the COA Opinion, the court entered a decree of dissolution of the PLLC as of July 1, 2005 ("Dissolution Date"), and appointed Craig A. Adams, a certified public accountant having extensive experience in law firm accounting, and principal in Adams Martin & Associates, PA, a public accounting firm, as a referee in this matter ("Referee"), to conduct a thorough analysis of the PLLC's financial records and to determine the amount of any winding-up distributions owed by or to the respective members of the PLLC. In the September 18 Order, the court entered judgment on the Referee's Report, finally resolving the claims related to accounting and statutory distribution. As noted above, only Claims Four and Five, and Counterclaims Three through Nine remain in this action. All of these claims are subjects of the Motions.

## DISCUSSION

9.      "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012) (quoting Rule 56(c)). Under this standard, the moving party bears "the burden of clearly establishing lack of a triable issue" to the trial court. *N.C. Farm Bureau Mut. Ins. Co. v. Sadler*, 365 N.C. 178, 182 (2011) (quoting *N.C. Nat'l Bank v. Gillespie*, 291 N.C. 303, 310 (1976)). The moving party may meet this burden by "proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense." *Variety Wholesalers, Inc.*, 365 N.C. at 523 (quoting *Dobson v. Harris*, 352 N.C. 77, 83 (2000)).

### Defendants' Motion

10.     As noted above, Defendants' Motion seeks summary judgment in Defendants' favor on Plaintiffs' Claims Four and Five. On December 9, 2015, Plaintiffs dismissed Claims Four and Five without prejudice. Accordingly, the court CONCLUDES that Defendants' Motion should be DENIED as MOOT.[3]

### Plaintiffs' Motion

11.     In support of Plaintiffs' Motion, Plaintiffs make two arguments. First, Plaintiffs contend that Counterclaims Three through Six and Nine are all predicated on the argument that the individual Plaintiffs' withdrawal from the PLLC was "wrongful" or impermissible. Because this position was rejected in the COA Opinion, Plaintiffs contend that summary judgment should be granted in their favor on these Counterclaims. Second, as to Counterclaims Seven and Eight, Plaintiffs argue that Defendants have failed to forecast or develop any evidence to support the Counterclaims, presented no such evidence to the Referee for consideration and have failed to oppose Plaintiffs' Motion as to the counterclaims.[4] The court will address these arguments in turn.

12.     Regarding Counterclaims Three through Six and Nine, each of these counterclaims, as pleaded by Defendants, allege that Plaintiffs breached various duties

---

[3] To the extent Defendants contend that Plaintiffs could not voluntarily dismiss these Claims without court approval, the court disagrees. Plaintiffs' only response to Defendants' Motion, both on the papers and at the hearing, was that these Claims would be dismissed. As such, the court concludes that Plaintiffs had not "rested their case" such that they would be precluded from filing a voluntary dismissal under Rule 41(a)(1). *See Troy v. Tucker*, 126 N.C. App. 213, 216 (1997) (concluding that plaintiff, having argued summary judgment, had "rested her case" and was precluded from taking a voluntary dismissal under Rule 41(a)(1)). To the extent necessary, however, the court has considered the dismissal filed by Plaintiffs and other appropriate matters of record and concludes, in its discretion, that permissive dismissal of those claims without prejudice should be GRANTED, pursuant to Rule 41(a)(2).
[4] Pursuant to Rule 15.11 of the General Rules of Practice and Procedure of the North Carolina Business Court, the failure to respond to a motion can result in the court treating the motion as unopposed and such a motion "ordinarily will be granted without further notice."

owed to the PLLC, or misappropriated assets of the PLLC, and, as a result, owe damages to the PLLC. Notably, each of these Counterclaims is based on the premise that the individual Plaintiffs had not withdrawn from, and there had not been a dissolution of, the PLLC.[5] This premise, however, was specifically rejected by the court of appeals when that court concluded judicial dissolution of the PLLC was proper pursuant to G.S. § 57C-6-02, and this court is bound by the court of appeals' rejection of this contention. *See Creech v. Melnik*, 147 N.C. App. 471, 472 (2001) ("As a general rule, when an appellate court passes on questions and remands the case for further proceedings to the trial court, the questions therein actually presented and necessarily involved in determining the case, and the decision on those questions become the law of the case . . . .").

13.     As noted by Plaintiffs, the court of appeals did not resolve the question of whether Plaintiffs engaged in any conduct, such as misappropriating PLLC assets, that might result in having to account to the PLLC, as alleged in Counterclaims Three through Six and Nine. On remand, however, this court appointed the Referee to, among other things, investigate and report the nature and extent of the PLLC's assets, specifically including contingent fee engagements in progress as of the Dissolution Date, and to determine and recommend the fiscal rights and obligations between the members upon a dissolution, based on the financial records of the PLLC.[6] That investigation and report ultimately rejected the factual basis of Defendants' Counterclaims, *i.e.,* that Plaintiffs allegedly owed an obligation to the PLLC. Instead, after a full and thorough analysis, the Referee concluded that it was Defendants, and

---

[5] *See* Countercl. ¶¶ 69, 78, 87, 96.
[6] *See* Reference Order (Feb. 26, 2013) ¶ 34.

not Plaintiffs, who owed obligations to the PLLC. The court, after notice and an opportunity for the parties to be heard and object to the Referee's Report, adopted that report and entered judgment. Defendants simply disagree with the results of the Referee's Report. However, their objections have been previously been ruled upon and cannot provide a basis for defeating Plaintiffs' Motion.

14. Ultimately, the theories upon which Defendants base Counterclaims Three through Six and Nine have been rejected by the North Carolina Court of Appeals, the Referee appointed to determine the windup of the PLLC, and this court. Accordingly, the court CONCLDUES that there exists no genuine issue of material fact regarding Counterclaims Three through Six and Nine, and as to those Counterclaims Plaintiffs' Motion should be GRANTED.

15. Finally, as to Counterclaims Seven and Eight, which relate to a legal malpractice action pending at the time of dissolution, the court notes that Defendants' brief in opposition to Plaintiffs' Motion does not address these Counterclaims. Additionally, the affidavits submitted by Defendants do not forecast or present any evidence to support Counterclaims Seven and Eight. Without any evidence to support these Counterclaims, and thus without any forecast of a genuine issue of material fact, the court CONCLUDES that Plaintiffs' Motion as to Counterclaims Seven and Eight should be GRANTED.[7]

<u>Costs and Interest</u>

---

[7] *See Safety Test & Equip. Co. v. Am. Safety Util. Corp.*, 2015 NCBC LEXIS 40, *48 ("A motion for summary judgment 'triggers [the opposing party's] responsibility to produce facts, . . . sufficient to show that he will be able to prove his claim at trial.' ") (quoting *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 505 (1995)).

16.     Plaintiffs have submitted a claim for the taxing against Defendants of costs and appropriate interest upon the judgment in their favor in this action.

17.     With regard to costs, Plaintiffs have submitted the itemized affidavit of E.D. Gaskins, Jr., Esq. ("Cost Affidavit"), which reflects expenses in the amount of $51,979.52 incurred by Plaintiffs in the course of this matter. The Cost Affidavit has been reviewed and received by the court. Defendants have not responded to or otherwise objected to the Cost Affidavit. Part of the expenses reflected in the Cost Affidavit is the amount of $47,387.70, which was paid by Plaintiffs to the Referee for services rendered in investigating and preparing the Referee's Report. All parties were ordered by the court to make periodic payments to the Referee for its services in this matter, and the Referee submitted appropriate detailed billing invoices. The court FINDS that (a) appointment of the Referee, and the resulting fees and expenses incurred by the Referee in supporting and preparing the Referee's Report, were materially necessary to bringing this action to a conclusion as directed by the Court of Appeals, (b) the Referee had unique skills and expertise in dealing with accounting issues relative to law firms, (c) the Referee worked diligently and with great effort and energy to complete the directions and mandate of this court, and did so successfully, and (d) the Referee's fees and expenses were reasonable. Further, the court FINDS that all fees and expenses reflected in the Cost Affidavit were reasonably incurred by Plaintiffs in the court of this civil action, and are properly taxable in the amount of $51,979.52, to be shared equally between Defendant Mitchell and Defendant Brewer, pursuant to G.S. § 6-20 and § 7A-305.

18. Plaintiffs also have submitted a request for the taxing of interest against Defendants upon the judgment in Plaintiffs' favor in this matter. In support of their request for interest, Plaintiffs have presented a Submission on Calculation of Pre-Judgment Interest ("Interest Calculation"), dated November 24, 2015, with Exhibit A attached. The Interest Calculation has been reviewed and received by the court. Defendants have not responded to or otherwise objected to the Interest Calculation. The court FINDS that the methodology proposed by Plaintiffs for (a) determining the respective amounts owing by Defendants to Plaintiffs upon which pre-judgment interest should be calculated, and (b) the date(s) from which pre-judgment interest on Plaintiffs' Claims should begin to run in this complicated matter is appropriate and consistent with North Carolina law, and that methodology is adopted by the court. Plaintiffs further propose that the pre-judgment interest should run through December 8, 2015, in the total amount of $146,955.62. However, the court concludes that pre-judgment interest more appropriately should run until September 18, 2015, the date judgment was entered in this matter, in the total amount of $143,368.02. Therefore, pre-judgment interest should be taxed in this matter and added to the September 18, 2015 judgment as follows: (a) pre-judgment against Defendant Mitchell in the amount of $71,684.01 and (b) pre-judgment against Defendant Brewer in the amount of $71,684.01.

THEREFORE, based upon the foregoing, it is ORDERED that:

19. Defendants' Motion for Summary Judgment is DENIED.

20. Plaintiffs' Motion for Summary Judgment is GRANTED; and Defendants' Counterclaims Three, Four, Five, Six, Seven, Eight and Nine are DISMISSED.

21.    Pre-judgment interest in the total amount of $71,684.01 shall be taxed against Defendant Mitchell and added to the September 18, 2015 judgment entered against him in this matter. Accordingly, judgment as of September 18, 2015 is entered against Defendant Mitchell in the total amount of $174,262.01. Interest on said amount shall run at the legal rate from September 18, 2015 until paid.

22.    Pre-judgment interest in the total amount of $71,684.01 shall be taxed against Defendant Brewer and added to the September 18, 2015 judgment entered against him in this matter. Accordingly, judgment as of September 18, 2015 is entered against Defendant Brewer in the total amount of $174,262.01. Interest on said amount shall run at the legal rate from September 18, 2015 until paid.

23.    Taxable costs in the amount of $25,989.76 are charged to Defendant Mitchell.

24.    Taxable costs in the amount of $25,989.76 are charged to Defendant Brewer.

25.    Entry of this Opinion and Order resolves all issues and Claims pending in this civil action, and it hereby is DISMISSED.

This the 19th day of February, 2016.

/s/ John R. Jolly, Jr.
John R. Jolly, Jr.
Retired/Recalled Emergency Superior Court Judge