IN RE: NATHAN GUARANTE, BRIAN ERB, CHRISTOPHER ERB, JESSICA ERB, NICHOLAS ERB

No. 927DC276

(Filed 6 April 1993)

**Infants or Minors § 86 (NCI4th) — non-secure custody order — hearing to continue custody — petition dismissed — no authority**

The trial court did not have authority to dismiss petitions alleging abuse, neglect, and/or dependency of five children where DSS had obtained non-secure custody orders, a hearing was held to determine the need for continued non-secure custody pending an adjudicatory hearing, and the judge ordered the children to be returned to the home and dismissed all of the

petitions. Although N.C.G.S. § 7A-577(a) states that the five-day hearing may be a hearing on the merits or a hearing to determine the need for continued custody, in this case notice was given on the form that the adjudicatory hearing had been set for a later date and neither party was on notice that the judge would decide the merits of the case. Preparation for a custody hearing is much different than for a more formal adjudicatory hearing at which the evidence rules are applicable. The interests of the parents or custodians are adequately protected by a five-day custody hearing and the children's interests are better protected by allowing such cases to proceed to an adjudicatory hearing rather than by permitting a judge to evaluate the merits of the case at an informal custody hearing.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 35, 36.**

Appeal by Nash County Department of Social Services from Order entered 29 August 1991, for 6 August 1991, by Judge Allen W. Harrell in Nash County District Court. Heard in the Court of Appeals 2 March 1993.

*Nash County Department of Social Services, by Sonja S. Beckham and Myra Jane Bradshaw, for petitioner-appellant.*

*Terry W. Alford for respondent-appellee.*

LEWIS, Judge.

On 2 August 1991 the Nash County Department of Social Services ("DSS") obtained non-secure custody orders for five children living with Sally and Ed Brake pursuant to an investigation conducted earlier that day. On 6 August 1991 DSS served the Brakes with five petitions alleging abuse, neglect, and/or dependency. Later that day a five-day hearing was held to determine the need for continued non-secure custody pending an adjudicatory hearing set for 19 August 1991. At this five-day hearing the judge ordered the children to be returned to the home of the Brakes and dismissed all of the petitions. DSS appeals, alleging the judge did not have the authority to dismiss the petitions at the five-day hearing.

N.C.G.S. § 7A-576 (1989) authorizes DSS to take immediate physical custody of a juvenile upon obtaining a nonsecure custody

order under N.C.G.S. § 7A-574(a) (1989). Nonsecure custody orders may be issued for reasons such as abandonment of a child, physical injury or sexual abuse, exposure to a substantial risk of injury or abuse, and the need for medical treatment. § 7A-574(a). In this case, DSS obtained a custody order on the basis of alleged physical injury and exposure to a substantial risk of further injury, as well as neglect and dependency. According to N.C.G.S. § 7A-577(a) (1989), "[n]o juvenile shall be held under a custody order for more than five calendar days without a hearing on the merits or a hearing to determine the need for continued custody."

DSS contends the 6 August 1991 hearing was clearly denominated a hearing to determine the need for continued custody. The judge therefore had the discretion to either continue nonsecure custody or to return the children to their home. He did not have the authority to dismiss the petitions, according to DSS, because in so doing he made an unauthorized determination of the merits of the case. There is no express statutory authority allowing the judge to dismiss the petitions at a five-day hearing.

Respondent, however, relies on the fact that section 577(a) does not specifically prevent a judge from dismissing the petitions at such a hearing. Respondent argues the trial judge should have the discretion to dismiss the petitions and that this determination should not be reviewed absent an abuse of discretion.

We agree with the position of DSS. The Juvenile Summons issued on 6 August 1991 lists that day as the "Date of Hearing On Continued Custody," and sets 19 August 1991 as the "Date of Hearing On Petition." The trial court acknowledged in its Order that "[t]he question before the Court was whether the five named children should be continued in the custody of the Nash County Department of Social Services." Although the statute states that the five-day hearing may be a "hearing on the merits or a hearing to determine the need for continued custody," § 7A-577(a), in this case the 6 August 1991 hearing was clearly a custody hearing. Notice was given on the form that the adjudicatory hearing had already been set for a later date, 19 August 1991. Neither party was on notice that the judge would decide the merits of the case or dismiss the petitions. DSS points out that a custody hearing is informal and the Rules of Evidence are not applicable. Obviously, preparation for a custody hearing is much different than for a

more formal adjudicatory hearing at which the evidence rules are applicable.

The interests of the parents or custodians are adequately protected by a five-day custody hearing. If the court finds continued custody unnecessary, the children are immediately returned to the home pending the adjudicatory hearing. The children's interests are better protected by allowing such cases to proceed to an adjudicatory hearing, rather than permitting a judge to attempt to evaluate the merits of the case at an informal custody hearing. We note that it would have been patently unfair to the Brakes had the judge made a final adjudication adverse to them at the five-day hearing.

Reversed; order of dismissal is vacated and the case is remanded for further proceedings.

Judges JOHNSON and JOHN concur.