IN RE: S.H. and A.K.
No. COA03-1161
North Carolina Court of Appeals.
Filed July 6, 2004.
This case not for publication.
Guilford County No. 03 J 197, 03 J 198.
Guilford County Deputy County Attorney Lynne G. Schiftan for petitioner-appellee Guilford County Department of Social Services.
Angela H. Brown, for respondent-appellant.
LEVINSON, Judge.
Respondent (Elizabeth Kendrick) appeals from an order entered at a hearing on the need for continued nonsecure custody pending adjudication of a petition alleging neglect. We remand.
On 7 March 2003 the Guilford County Department of Social Services (DSS) filed separate petitions alleging that respondent's minor children, S.H. and A.K., were neglected.[1] On the same day, an order for nonsecure custody placed A.K. in the custody of DSS. On 12 March 2003 a hearing was held on the need for continuednonsecure custody, pursuant to N.C.G.S. § 7B-506. Following this hearing the trial court entered a single order which referenced both juveniles' court file numbers. This order recited findings of fact related to the criteria for continued nonsecure custody set forth in G.S. § 7B-503, et seq., and made the following conclusions of law:
1. There is a reasonable factual basis to believe that the matters alleged in the petition are true, and that there is [sic] no reasonable means other than continued non-secure custody available to protect the juvenile.
2. Reasonable efforts were made to eliminate the need for removal of the children.
Accordingly, the trial court (1) placed A.K. "in the legal and physical custody of his father"; (2) continued S.H. in the nonsecure custody of DSS; (3) required S.H. to remain in her current placement; and (4) set the matter for a subsequent 7-day hearing and a "hearing on the petition" on a different date. Respondent appeals.
Respondent's arguments on appeal challenge the trial court's authority to place A.K. in his father's custody when it had "terminated this action" as to A.K. Respondent contends the trial court was divested of jurisdiction to enter further orders as to custody once it dismissed the petition alleging neglect. In its brief, DSS agrees the trial court terminated its jurisdiction as toA.K. by virtue of its dismissal of the petition alleging neglect.
The contention that the trial court dismissed the petition alleging neglect as to A.K. and simultaneously terminated its jurisdiction is supported by the transcript, in which the trial court observed that (1) the allegations in the petition "[did] not involve [A.K.'s father] in any way"; (2) A.K.'s father was present in court "for the purpose[] of assuming responsibility" for A.K.; and (3) that the court's placement of A.K. with his father "terminates the action as it relates to [A.K.]."
However, while the trial court may have intended to dismiss the neglect petition as to A.K., the written order entered by the court does not accomplish this. Instead, as regards A.K., the order (1) makes findings of fact and conclusions of law related to G.S. § 7B-503 and 7B-506; (2) places A.K. in the custody of his father, as authorized by G.S. § 7B-505; and (3) establishes a court date for an adjudicatory hearing. The order does not dismiss the petition alleging neglect.
We conclude the trial court's order neither dismisses the neglect petition as to A.K. nor terminates its jurisdiction over the child. Instead, the order appears to continue A.K. in the nonsecure custody of his father pending adjudication of the petition.
Though not essential to our holding, we also note that thetrial court does not have the authority to dismiss a petition at a hearing on the need for continued nonsecure custody. In re Guarante, 109 N.C. App. 598, 600, 427 S.E.2d 883, 884 (1993) (at hearing to determine need for continued custody the trial court "had the discretion to either continue nonsecure custody or to return the children to their home. He did not have the authority to dismiss the petitions[.]").
We also note that, as argued by both DSS and respondent, when a trial court does terminate its jurisdiction, it loses the authority to enter additional orders regarding custody. See In re Dexter, 147 N.C. App. 110, 115, 553 S.E.2d 922, 925 (2001) (where children adjudicated neglected by mother and placed with father and court then terminated its jurisdiction in the matter "the trial court had no further duty or authority to conduct reviews"). Furthermore, upon termination of an action and dismissal of a petition, the trial court's order placing a juvenile in the temporary nonsecure custody of an individual would be prospectively ineffectual. See In re Ivey, 156 N.C. App. 398, 401, 576 S.E.2d 386, 389 (2003) ("Without [a juvenile] petition, the trial court did not have the jurisdiction to order DSS to assume nonsecure custody of [the child]."). Under such circumstances, the trial court's dismissal of a petition would return a juvenile's parents to their pre-petition legal status, enabling them to seek ajudicial determination of child custody pursuant to Chapter 50 of the North Carolina General Statutes.
In sum, we conclude the trial court's order neither dismisses the neglect petition as to A.K. nor terminates its jurisdiction over the child. Because respondent's principal argument on appeal challenges the trial court's authority to place A.K. in the custody of his father when it has terminated its jurisdiction, an issue not before this Court, we overrule this assignment of error but remand for the entry of an amended order[2] or the adjudication of the petition alleging neglect.
Remanded.
Judges McCULLOUGH and HUDSON concur.
Report per Rule 30(e).
NOTES
[1] This appeal only concerns A.K.
[2] For example, if D SS dismisses its petition alleging neglect as to A.K., the trial court could amend its order to reflect such and conclude it was no longer asserting jurisdiction as to A.K.