IN THE MATTER OF: O.S.

No. COA05-492

(Filed 7 February 2006)

**Child Support, Custody, and Visitation— nonsecure custody hearing—change of legal custody—jurisdiction**

The trial court lacked authority to transfer custody of the minor child to his father and to permanently remove legal custody of the minor from respondent mother in a nonsecure custody hearing without an adjudication or disposition of the juvenile petition.

Appeal by respondent from an order entered 15 December 2004 by Judge Christopher W. Bragg in Union County District Court. Heard in the Court of Appeals 30 November 2005.

*Dale Ann Plyler for petitioner-appellee Union County Department of Social Services.*

*William L. McGuirt for Guardian ad Litem.*

*Joe Hutcherson for respondent-appellee father.*

*Hall & Hall Attorneys at Law, P. C., by Susan P. Hall, for respondent-appellant.*

HUNTER, Judge.

Respondent-mother ("respondent") appeals from a nonsecure custody review hearing order placing custody of her minor child, "O.S.," with his father. Respondent argues the trial court erred in transferring custody of the child to his father without an adjudication hearing. We agree and vacate the order of the trial court.

IN RE O.S.

[175 N.C. App. 745 (2006)]

On 27 September 2004, the Union County Department of Social Services ("DSS") filed a juvenile petition alleging O.S. was a neglected and dependent child in that he had been abandoned, lived in an environment injurious to his welfare, and lacked appropriate caretakers. Specifically, the petition alleged that DSS had been contacted by a family with whom respondent and her child had been staying. The family, who had a lengthy history of DSS involvement, reported that respondent had left her child with them and failed to return. The family did not know how to contact respondent, nor did they know her last name. Respondent did not inform the family of her whereabouts or when she planned to return for her child. The family informed DSS that respondent-father had approached them and wanted to take the child to his residence. The family was "willing to give [the minor child] to [respondent-father] even though they did not know him nor did they know he was the legal father." The petition further alleged that respondent had no stable residence and was "living with numerous people . . . she does not really know." The order for nonsecure custody, issued 27 September 2004, found there was a reasonable factual basis to believe that O.S. had been abandoned. A nonsecure custody hearing was held the following day. Respondent did not attend the hearing; however, respondent-father attended the hearing and voiced his desire to have custody of the child. As paternity had not been established, the trial court continued legal custody of the child with DSS with physical placement in foster care.

The trial court continued to hold nonsecure custody review hearings on 6 October 2004 and 3 November 2004 pending eventual adjudication. Respondent did not attend these hearings. In the meantime, paternity testing revealed respondent-father to be the biological father of O.S. DSS subsequently conducted a home study of respondent-father's residence and interviewed persons acquainted with respondent-father. Following its investigation, DSS recommended that O.S. be placed with respondent-father.

On 17 November 2004, the trial court conducted a further nonsecure custody review hearing. Respondent was present at the hearing. No testimony was given; rather, the trial court reviewed only the juvenile petition and a document prepared by DSS entitled "Reasonable Efforts Report." Following the hearing, the trial court found that "[f]or the purposes of the nonsecure hearing, DSS has shown by clear and convincing evidence that there is a reasonable factual basis to believe the matters alleged in the petition are true and . . . [t]he juvenile has been abandoned by [respondent]." The trial court found and

**IN RE O.S.**

[175 N.C. App. 745 (2006)]

concluded that "[p]ursuant to N.C.G.S. 7B-1101(2) this court would have jurisdiction to make a child custody determination under the provisions of N.C.G.S. 50A-201, 50A-203, or 50A-204." The trial court then concluded that it was in the best interest of O.S. to place legal custody with respondent-father, and entered an order accordingly. The trial court noted that "DSS does hereby and in open court take a voluntary dismissal of the petition in this matter." The trial court informed respondent that visitation with her son was now in the discretion of respondent-father, and that if she wanted to regain custody of her child, she would have to file a civil suit. From the nonsecure custody review order placing legal custody of O.S. with his father, respondent appeals. Respondent-father does not appeal.

Respondent argues the trial court lacked jurisdiction to grant legal custody to respondent-father without an adjudication or disposition of the juvenile petition. We agree that the trial court was without authority to enter the custody order at issue.

Section 7B-506 of the North Carolina General Statutes provides for nonsecure custody hearings in pertinent part as follows:

(a) No juvenile shall be held under a nonsecure custody order for more than seven calendar days without a hearing on the merits or a hearing to determine the need for continued custody. . . .

(b) At a hearing to determine the need for continued custody, the court shall receive testimony and shall allow the guardian ad litem, or juvenile, and the juvenile's parent, guardian, custodian, or caretaker an opportunity to introduce evidence, to be heard in the person's own behalf, and to examine witnesses. The State shall bear the burden at every stage of the proceedings to provide clear and convincing evidence that the juvenile's placement in custody is necessary. The court shall not be bound by the usual rules of evidence at such hearings.

. . .

(d) If the court determines that the juvenile meets the criteria in G.S. 7B-503 and should continue in custody, the court shall issue an order to that effect. The order shall be in writing with appropriate findings of fact and signed and entered within 30 days of the completion of the hearing. The findings of fact shall include the evidence relied upon in reaching the decision and purposes which continued custody is to achieve.

N.C. Gen. Stat. § 7B-506 (2005). Section 7B-506 contains no provision authorizing the trial court to determine permanent legal custody of a juvenile before adjudication of the petition.

In the case of *In re Guarante*, 109 N.C. App. 598, 427 S.E.2d 883 (1993), this Court reversed an order of the trial court resulting from a nonsecure custody hearing. In *Guarante*, DSS obtained nonsecure custody orders for five children pursuant to an investigation and later served five petitions alleging abuse, neglect, and/or dependency upon the childrens' caretakers, the Brakes. A five-day hearing was held (pursuant to former N.C. Gen. Stat. § 7A-577, now a seven-day hearing under N.C. Gen. Stat. § 7B-506) to determine the need for continued nonsecure custody pending an adjudicatory hearing set for 19 August 1991. At the five-day hearing, the trial court ordered the children to be returned to the home of the Brakes and dismissed all of the petitions. DSS appealed the order, alleging the trial court did not have the authority to dismiss the petitions at the five-day hearing. On appeal, this Court agreed with the position of DSS that the trial court overreached its authority in dismissing the petition, stating that the hearing

> was clearly denominated a hearing to determine the need for continued custody. The judge therefore had the discretion to either continue nonsecure custody or to return the children to their home. He did not have the authority to dismiss the petitions, according to DSS, because in so doing he made an unauthorized determination of the merits of the case. There is no express statutory authority allowing the judge to dismiss the petitions at a five-day hearing.

*Id.* at 600, 427 S.E.2d at 884. The Court noted that neither party was on notice that the judge would decide the merits of the case or dismiss the petitions. "Obviously, preparation for a custody hearing is much different than for a more formal adjudicatory hearing at which the evidence rules are applicable." *Id.* at 600-01, 427 S.E.2d at 885. The Court continued:

> The interests of the parents or custodians are adequately protected by a five-day custody hearing. If the court finds continued custody unnecessary, the children are immediately returned to the home pending the adjudicatory hearing. The children's interests are better protected by allowing such cases to proceed to an adjudicatory hearing, rather than permitting a judge to attempt to evaluate the merits of the case at an informal custody

hearing. We note that it would have been patently unfair to the Brakes had the judge made a final adjudication adverse to them at the five-day hearing.

*Id.* at 601, 427 S.E.2d at 885.

We find *Guarante* instructive in the instant case. The purpose of the nonsecure custody hearing is to determine whether continued nonsecure custody of the juvenile is necessary pending adjudication on the merits of the case. N.C. Gen. Stat. § 7B-506(a). If continued nonsecure custody is warranted under the criteria set forth in section 7B-503, the trial court must issue an order to that effect. N.C. Gen. Stat. § 7B-506(d). In continuing custody, the trial court may place the child in the *temporary* custody of a relative pending adjudication unless such placement would be contrary to the child's best interests. N.C. Gen. Stat. § 7B-506(h)(2). If continued custody is not warranted, the child should be returned to the home pending adjudication on the merits of the case. *Guarante,* 109 N.C. App. at 601, 427 S.E.2d at 885.

Here, the trial court stated that it was maintaining the nonsecure custody order. It then, however, placed permanent legal, rather than temporary, custody of the child with respondent-father. DSS then dismissed its juvenile petition. Without the juvenile petition, the trial court no longer had any jurisdiction over the case. The trial court informed respondent that if she wanted visitation with her child, she would have to seek permission from respondent-father; and that if she wanted to regain custody, she would have to file an action under Chapter 50. In effect, the trial court evaluated the merits of the case during the informal nonsecure custody hearing stage, without ever receiving direct evidence in the case. *See Guarante,* 109 N.C. App. at 600, 427 S.E.2d at 884. None of the allegations contained in the juvenile petition were ever proven by the clear, cogent, and convincing evidence standard utilized at an adjudication hearing. *See* N.C. Gen. Stat. § 7B-805 (2005); *Guarante,* 109 N.C. App. at 601, 427 S.E.2d at 885. Thus, respondent lost custody of her child without any of the allegations against her having been proven. *See Guarante,* 109 N.C. App. at 601, 427 S.E.2d at 885. We conclude the trial court did not have the statutory authority to permanently remove custody of the minor child from respondent before adjudication of the merits of the case. *See id.*

The trial court stated it had the authority to make a child custody determination "[p]ursuant to N.C.G.S. 7B-1101(2)." As DSS concedes, this is a clearly erroneous statement by the trial court.

Section 7B-1101 of the General Statutes governs the termination of parental rights, which is not at issue in the instant case.

We hold the trial court was without authority to permanently remove legal custody of the minor child from respondent before adjudication of the merits of the allegations brought by DSS in the juvenile petition. Given our determination, we need not address respondent's remaining assignments of error. We vacate the order of the trial court.

Vacated.

Judges McCULLOUGH and GEER concur.