DILLON, Judge.
Respondent-Appellant Mother (the "Mother") appeals from an order adjudicating her two minor children, N.J. ("Naomi") and N.J. ("Nathan"),[1] to be neglected and dependent juveniles. We affirm the trial court's adjudication of neglect but reverse the adjudication of dependency.
I. Background
The Johnston County Department of Social Services ("DSS") became involved with Naomi and her family after the Johnston County Sheriff's Department conducted a raid of a motel where Naomi was residing with her parents and discovered methamphetamine precursors and an active meth lab. At the time, the Mother was pregnant with Nathan. The parents agreed to a kinship assessment of the paternal grandparents (the "Paternal Grandparents"), and Naomi was placed with them. After Nathan was born, Nathan was also placed with the Paternal Grandparents.
On 9 March 2015, DSS filed petitions alleging that Naomi and Nathan were neglected and dependent juveniles. Both parents were by this time incarcerated for methamphetamine offenses, although at the Mother's request, Naomi had been moved into the home of her parents (the "Maternal Grandparents"), prompting the Paternal Grandparents to file an action for custody of Naomi. However, the custody action was stayed pending the outcome of the proceedings now on appeal.
These proceedings commenced in Johnston County District Court on 25 March 2015. After receiving evidence from both sets of grandparents over the course of four (4) days, the trial court entered an order on 1 July 2015 adjudicating the children to be neglected and dependent juveniles, awarding custody to the Paternal Grandparents, and allowing DSS to cease reunification efforts with the parents, who were both still incarcerated. The Mother timely appealed.
II. Analysis
The Mother argues that the trial court erred in adjudicating the children to be dependent juveniles where DSS voluntarily dismissed the dependency allegation and the Mother stipulated to the factual basis for the neglect allegation but not the dependency allegation. We agree.
Generally, the subject matter jurisdiction of a trial court over a juvenile case is predicated on the grounds alleged in the petition alleging abuse, neglect, or dependency. In re S.E.P., 184 N.C.App. 481, 486, 646 S.E.2d 617, 621 (2007). That is, through the filing of the petition, and the proper verification of such petition, the trial court acquires jurisdiction over the case based on the grounds alleged in the petition. Id. Therefore, where the petition upon which the court's jurisdiction is based is voluntarily dismissed prior to adjudication or disposition, the court no longer has jurisdiction to proceed to these later stages. In re E.H., 227 N.C.App. 525, 534, 742 S.E.2d 844, 851 (2013).
In the present case, before proceeding to adjudication and disposition, DSS informed the trial court that it was voluntarily dismissing the petitions on the basis of dependency, and proceeding on the neglect ground alone. Upon inquiring of the Mother, the following colloquy transpired:
THE COURT: ... Did your attorney ... go over the petition with you?
[THE MOTHER]: Yes, sir.
THE COURT: And did she answer all of your questions?
[THE MOTHER]: Yes, sir.
THE COURT: You understand that the Department is suggesting that you are going to agree to the factual basis for the Court to find the children neglected but not dependent and that if I do that, we will then move to what is called a disposition?
[THE MOTHER]: Yes.
THE COURT: Is that correct? Is that what she went over with you?
[THE MOTHER]: Yes, sir.
THE COURT: Okay. And apparently, the primary issue in disposition is going to be whose parents are going to have primary custody of the child; is that, sort of, your understanding?
[THE MOTHER]: Yes, sir.
THE COURT: Do you have any questions about the adjudication portion?
[THE MOTHER]: No. I'm good.
Nevertheless, the court in its 1 July 2015 order adjudicated Naomi and Nathan to be neglected and dependent, in spite of the voluntary dismissal on the basis of dependence and the foregoing colloquy. We hold that the portion of the order adjudicating the children to be dependent was error because DSS had voluntarily dismissed the dependency basis for its petitions, and the trial court, therefore, lacked jurisdiction to make adjudications on this basis. See In re E.H., 227 N.C.App. at 534, 742 S.E.2d at 851. However, an adjudication of either neglect or dependency will support an award of custody at disposition to "a parent, relative, private agency offering placement services, or some other suitable person." See N.C. Gen.Stat. § 7B-903(a)(2)(b). Therefore, although we reverse the dependency adjudication, we do not disturb the neglect adjudication or the custody award made at disposition. Therefore, we affirm the 1 July 2015 order in all other material respects. Accordingly, despite the trial court's error, where the court did not err in adjudicating the children to be neglected juveniles, we do not disturb the court's custody award.[2]
We note that the Mother also argues that the trial court erred in adjudicating the children to be neglected and dependent juveniles where part of the basis for such adjudications consisted of a stipulation by the Mother to the facts supporting the allegation that the children were neglected. However, N.C. Gen.Stat. § 7B-807(a) permits adjudications on the basis of stipulations, including where the facts are read "into the record, followed by an oral statement of agreement from each party stipulating to them." N.C. Gen.Stat. § 7B-807(a) (2015). Furthermore, our Court has held that undisputed record evidence tending to support the adjudication to which a parent stipulates at trial can be sufficient to support the adjudication on appeal, setting aside the question of formal compliance with the requirements of N.C. Gen.Stat. § 7B-807(a). In re L.G.I., 227 N.C.App. 512, 515, 742 S.E.2d 832, 835 (2013). Therefore, we hold that in the present case, where the trial court made inquiry of the Mother regarding the ground to which she was stipulating and its factual basis, the Mother did not object to any of the record evidence supporting the adjudication, and such record evidence in support of the adjudication is ample, the court's adjudication on this basis suffered from no procedural or substantive infirmity. Accordingly, this argument is overruled.
We further note that the Mother argues that the trial court erred in allowing the Paternal Grandparents to participate in the proceeding in the manner it did, contending that the court essentially conferred party status upon the Paternal Grandparents, in violation of N.C. Gen.Stat. § 7B-401.1(h). Here, the trial court denied the Paternal Grandparents' motion to intervene as a party. However, the Mother points out that the trial court effectively treated the Paternal Grandparents as parties by allowing their attorney, Mr. Pleasant, to cross-examine witnesses and present evidence. We hold that the trial court did not commit reversible error in this regard. The trial court indicated that in the exercise of its discretion it would consider allowing, to some degree, the attorneys for the Maternal Grandparents and the Paternal Grandparents to present evidence. See N.C. Gen.Stat. § 7B-901(a) (authorizing the trial court to "consider any evidence, ... including testimony or evidence from any person who is not a party, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition"). The Mother has not pointed to any place in the record where she specifically objected to Mr. Pleasant's participation in presenting evidence (e.g., through the cross-examination of certain witnesses). Our review of the transcript, though, reveals that the Mother's attorney merely requested that the trial court also allow for the Maternal Grandparents' attorney to participate, arguing:
Just for clarification purposes, so in any informal way, you are going to allow Mr. Pleasant to present evidence? ... If that's the case, can I ask if the maternal grandparents, since they have counsel in the custodial action, if they want the same opportunity that the paternal grandparents are going to have[?]
The trial court responded by indicating that it was interested in getting enough information so it could make a proper decision:
... I always reserve the right to facilitate the evidence.... I am going to try to get everyone's information and figure out where this child should stay[.]
We further note that the trial court did allow the Maternal Grandparents' attorney to participate in the cross-examination of witnesses though they were not "parties." Accordingly, we hold that the trial court did not commit reversible error by allowing the Paternal Grandparents to present evidence through their attorney. Accordingly, this argument is overruled.
III. Conclusion
For the reasons stated herein, the order of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART.
Chief Judge McGEE and Judge ZACHARY concur.
Report per Rule 30(e).

These pseudonyms will be used throughout to protect the identities of the minor children.

Furthermore, we also overrule the Mother's argument that the trial court abused its discretion in awarding primary custody to the Paternal Grandparents rather than the Maternal Grandparents. As our Court has long recognized, "[i]n custody cases, it is mandatory that the trial judge be given a wide discretion in making his determination and it is clear that his decision ought not to be upset on appeal absent a clear showing of abuse of discretion." In re Webb, 60 N.C.App. 410, 413, 299 S.E.2d 240, 242 (1983) (internal marks omitted). Our Supreme Court has defined an abuse of discretion as a ruling so "manifestly unsupported by reason or [ ] so arbitrary that it could not have been the result of a reasoned decision." State v. Elliott, 360 N.C. 400, 419, 628 S.E.2d 735, 748 (2006). We are unable to discern any abuse of discretion from the record before us.